IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ALEXANDER JAMES WARREN**                                                             **PLAINTIFF**

v.                                                                **CIVIL ACTION NO. 2:10cv22-KS-MTP**

**CHRISTOPHER EPPS, RONALD KING, MIKE HATTEN**           **DEFENDANTS**
**DR. RONALD WOODALL, DR. CHARLOTTE McCLEAVE,**
**WEXFORD HEALTH SOURCES, INC., AND**
**GLORIA PERRY**

## OMNIBUS ORDER AND ORDER ON MOTION

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on December 8, 2010. Plaintiff appeared *pro se*; Charles Irvin appeared on behalf of Defendants Christopher Epps, Ronald King, Mike Hatten, and Gloria Perry; and Vardaman Smith appeared on behalf of Dr. Ronald Woodall, Dr. Charlotte McCleave, and Wexford Health Sources, Inc. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; a discovery conference; and a motion hearing. The Court's purpose in conducting the hearing is to ensure the just, speedy, and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

## JURISDICTION AND SUMMARY OF CLAIMS

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff's claims occurred while he was a post-conviction inmate at South Mississippi Correctional Institution-II ("SMCI-II"). He is currently incarcerated at the Mississippi State Penitentiary. Plaintiff's claims were

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

clarified and amended by his sworn testimony during the *Spears* hearing;[2] accordingly, only the following claims remain pending before the Court and no further amendments will be allowed absent a showing of good cause so that this case may proceed to disposition:

Plaintiff's claims for relief are based on the denial of medical treatment and violation of his medical privacy. Specifically, Plaintiff claims that he suffers from the medical condition ankylosing spondylitis (AS) and that the medication he should be taking for this condition is Enbrel (or Embrel), which he is not currently receiving.

Plaintiff indicated that he does not have an individual claim against Defendant Christopher Epps, who is the Commissioner of the Mississippi Department of Corrections ("MDOC"). To the extent that Plaintiff is proceeding against Defendant Epps in an individual capacity, those claims are hereby **DISMISSED**; Plaintiff will be allowed to proceed on his claims at this time against said Defendant in his official capacity. Furthermore, Plaintiff's claims against Defendant Ronald King, SMCI Superintendent, are also **DISMISSED**, as Plaintiff has not presented a viable cause of action as to said Defendant. Plaintiff also named Mike Hatten, SMCI-II's Infirmary Administrator, for his role in overseeing and monitoring the medical services contract between the department of corrections and Wexford Health Sources, Inc.; and Gloria Perry, Chief Medical Officer for MDOC, for her alleged failure to take action with respect to the administration of his medication and to timely respond to his grievance through the Administrative Remedy Program ("ARP").

Wexford Health Sources, Dr. Ronald Woodall and Dr. Charlotte McCleave are the

---

[2] *See Hurns v. Parker*, 165 F.3d 24, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

remaining defendants. Wexford, which supplies medical care to MDOC inmates by contract with the State of Mississippi, employs doctors Woodall and McCleave, who were Plaintiff's treating physicians at SMCI-II. Plaintiff also pursues a claim for violation of his medical privacy against Dr. Woodall only.

Plaintiff testified that he seeks monetary damages against defendants Woodall and McCleave, and no one else. The only other relief Plaintiff requests is provision of his medication (Enbrel/Embrel) on a consistent bases or the ability to obtain it.

### DISCOVERY ISSUES

During the hearing Defendants produced all medical records in their possession, and MDOC also produced Plaintiff's ARP submissions. Defendants are required to supplement the production of any medical records to the present within fourteen (14) days of the date of this order. Plaintiff signed a medical records authorization; if Defendants obtain medical records from an outside source, they shall provide a copy to Plaintiff within ten (10) days of receipt.

There are no other discovery issues pending at this time, except for those set forth herein. The discovery allowed herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1). Thus, the parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

### PENDING MOTION

Plaintiff has filed a motion which the Court construes as asking for an injunction. In his Motion for Injunction [22], Plaintiff seeks an order from the Court directing Defendants to administer the medication Enbrel (Embrel) to him without interruption.

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S. S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976).

Plaintiff's cause of action is based on a claim of deliberate indifference to medical needs. Significantly, Plaintiff has failed to make a showing on both a substantial likelihood of success on the merits and irreparable injury. Accordingly, the Court finds that Plaintiff's request for injunctive relief should be **DENIED**.

### MOTIONS DEADLINE

The deadline for filing motions (other than motions *in limine* and motions based on the exhaustion of administrative remedies) is March 1, 2011.

Plaintiff's failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and may be grounds for dismissal without notice to Plaintiff.

**SO ORDERED** this the 14th day of December, 2010.

                                              s/Michael T. Parker
                                              United States Magistrate Judge